UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SHUN ZHEN WU,

                            Plaintiff,

                            -v-

MINISTRY OF PUBLIC SECURITY OF THE
PEOPLE'S REPUBLIC OF CHINA et al,

                            Defendants.

----------------------------------------------------------------X

26-CV-28 (JMF)

MEMORANDUM OPINION
AND ORDER TO SHOW
CAUSE

JESSE M. FURMAN, United States District Judge:

       Plaintiff Shun Zhen Wu ("Wu"), a Chinese national proceeding without counsel, sues the Ministry of Public Security of the People's Republic of China (the "Ministry") and its current Minister, Xiaohong Wang ("Wang"). *See* ECF No. 1 ("Compl."); ECF No. 1-1, at 25. She asserts that, while she was in China, Defendants persecuted her due to her religion, specifically her practice of Falun Gong, inflicting severe physical and emotional harm and causing her to flee to the United States. *See id.* at 2, 5-6. She further claims that state persecution of Falun Gong members has persisted since her departure from China in 2012. *See id.* at 6-8. Wu principally requests that the Court (1) declare illegal and revoke an outstanding arrest warrant for Falun Gong leader Li Hongzhi, (2) award her damages, and (3) freeze the assets of Defendants located in the United States. *See id.* at 6, 8, 11.

       Wu's claims, however, are almost certainly barred by foreign sovereign immunity. Such immunity implicates this Court's subject-matter jurisdiction, *see, e.g.*, *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (common-law foreign official immunity); *Funk v. Belneftekhim*, 861 F.3d 354, 370 (2d Cir. 2017) (statutory foreign state immunity), and therefore

may — indeed, must — be raised by the Court of its own accord, *see, e.g.*, FED. R. CIV. P. 12(h)(3); *see also, e.g.*, *Appel v. Hayut*, No. 20-CV-6265 (JPC), 2021 WL 2689059, at *5 (S.D.N.Y. June 30, 2021), *aff'd sub nom. Appel v. Cohen*, No. 22-170, 2023 WL 1431691 (2d Cir. Feb. 1, 2023) (common-law foreign official immunity); *Sheafen Kuo v. Gov't of Taiwan*, 802 F. App'x 594, 596 (2d Cir. 2020) (statutory foreign state immunity).

The Court begins with Wu's claims against the Ministry. Under the Foreign Sovereign Immunities Act ("FSIA"), foreign states and, as relevant here, their political subdivisions "are immune from [civil] suit unless one of the Act's enumerated exceptions applies." *Havlish v. Taliban*, 152 F.4th 339, 350 (2d Cir. 2025) (internal quotation marks omitted) (quoting *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223, 229 (2025)); *see also Bartlett v. Baasiri*, 81 F.4th 28, 33 (2d Cir. 2023) (discussing FSIA as conferring status-based immunity). The Ministry's "core functions" appear to be "predominantly governmental rather than commercial," so it would seem to be a political subdivision of the foreign state of China and thus presumptively "immune from the jurisdiction of the courts of the United States and of the States." *Havlish*, 152 F.4th at 352, 356 (internal quotation marks omitted); *see also, e.g.*, *Schansman v. Sberbank of Russia PJSC*, 128 F.4th 70, 80 (2d Cir. 2025) ("[T]here is no dispute that the Ministry of Finance is a political subdivision of the Russian Federation, a foreign state."); *Garb v. Republic of Poland*, 440 F.3d 579, 596 n.21 (2d Cir. 2006) ("[M]inistries of a central government qualify as 'political subdivisions of a foreign state' under FSIA."). Nor does there appear to be any exception to that immunity that would apply here. *See* 28 U.S.C. §§ 1604-07; *see also, e.g.*, *Li v. Li*, No. 23-7052, 2024 WL 4601521, at *1-2 (D.C. Cir. Oct. 29, 2024).[1]

---

[1] Given the likelihood that jurisdictional immunity applies, the Court need not separately address whether execution immunity also applies. *See Peterson v. Bank Markazi,* 121 F.4th 983, 994 (2d Cir. 2024), *cert. denied sub nom. Clearstream Banking, S.A. v. Peterson*, 145 S. Ct. 2819 (2025); *see also Havlish v. Taliban*, 152 F.4th 339, 349-50 (2d Cir. 2025) (affirming that courts

Accordingly, Wu's claims against the Ministry appear to be barred by FSIA.

Wu's claims against Wang would also appear to be barred. Although "FSIA does not generally govern the immunity . . . of foreign officials," suits "against an individual official" in which "the state is the real party in interest" are "treated as actions against the foreign state itself and therefore as governed by . . . FSIA." *Hussein v. Maait*, 129 F.4th 99, 112-13 (2d Cir. 2025) (quoting *Samantar v. Yousuf*, 560 U.S. 305, 325-26 (2010)). That principle would seem to apply here. *See* Compl. 4-8; *see also Hussein*, 129 F.4th at 115-16 (setting forth a list of non-exhaustive factors that "courts should consider" "to determine the real party in interest in a suit against a foreign official"). But, even if it does not, under the common law, "foreign government officials acting [in] their official capacity . . . are [nonetheless] entitled to immunity," *Eliahu*, 919 F.3d at 713; *see also Appel*, 2021 WL 2689059, at *5. Here, "[a]ll of the actions alleged in [Wu's] Complaint that are attributable to [Wang]" appear to be "actions taken in [his] official capacit[y]," would which appear to foreclose Wu's claims against him. *Appel*, 2021 WL 2689059, at *5; *see also* Compl. 6-8.

In light of the foregoing, Wu is ORDERED to show cause in writing, no later than **January 28, 2026**, why this case should not be dismissed for lack of subject-matter jurisdiction. If Wu fails to show cause or does not file anything by the deadline, the Court will dismiss the complaint without further notice. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 14, 2026
      New York, New York

                                              JESSE M. FURMAN
                                           United States District Judge

---

may also consider execution immunity *sua sponte*).